Curia, per

O’Neall, J.
In this case we are satisfied with the decision of the Judge below.
The legal estate was in the trustees, both by the words of the will and also by the necessary implication arising from the direction to hold for the plaintiff during his life, and after his death to convey to the heirs of his body; and failing such, then to the testator’s children surviving. The further direction, authorizing them to convey to the plaintiff absolutely on a certain contingency, only enabled them to divest themselves of this legal estate. Doing so could not affect the defendant as to the effect of his possessory rights. When the trustees conveyed to their cestui que use, the statute, which had previously began to run, run on exactly as it would in the case of a descent cast on an adult heir, where possession had begun in the lifetime of the ancestor.
In such a case, when the ten years ran out, the statute would bar the heir. So here. The estates of cestui que use and of the trustees are, in law, one legal estate: and whatever would have barred the trustees, if they had not conveyed, will bar him.
It is true, if the plaintiff had been a minor when the conveyance was made to him, it might have been that his infancy would have arrested the statute. But even that is by no means certain.
*104 Here, however, he was of full age, while the whole possession of the defendant was maturing — and therefore he has no cause to complain that the statute is opposed against his title.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JX, concurred.

Motion dismissed.